ORCUTT vs. PETTIT.

Where the defendant sets up the defence that the demand on which the action is
founded "has been bought and sold or received for prosecution," by an attorney or
counsellor, contrary to the statute, (2 R. S. 71 et seq.) the court, and not the
jury, are to pass upon the question. If determined against the plaintiff he must
be nonsuited, and if in his favor the jury must be instructed accordingly.

ERROR to the Onondaga common pleas. Pettit sued Orcutt
in the court below in debt, on a judgment of the same court.
The defendant pleaded *nil debet*, and gave notice pursuant to
2 R. S. 288, § 75, that the plaintiff's demand had been bought
and sold, or received for prosecution contrary to law. (*Id.* § 71
*et seq.*) On the trial, after the record of the former judgment
had been produced, the defendant gave evidence by witnesses
other than the plaintiff, who was not sworn, tending to show
that one R. S. C., an attorney of that court and the law part-
ner of the plaintiff's attorney on record, had bought the demand
sued on for the purpose of prosecuting it contrary to the stat-
ute; and the plaintiff on his part gave evidence of a contrary
tendency; upon which a question arose whether the matter in
dispute ought to be determined by the court or the jury—the
plaintiff maintaining that it belonged to the court to pass upon
it, and the defendant insisting upon going to the jury. The
court held that they, and not the jury, were to pass upon the
question, and being of opinion that the statute respecting the
purchase of choses in action for prosecution had not been vio-
lated in this case, directed the jury to find a verdict for the
plaintiff. The defendant excepted, and the plaintiff had a
verdict and judgment.

*G. F. Comstock*, for the plaintiff in error, maintained that,
although the plaintiff might be nonsuited, if the defence were
established, (2 R. S. 289, § 81,) the case could not, where there
was conflicting evidence on the question, be taken from the
jury and decided by the court in favor of the plaintiff. If this

were so, he said, a jury should not be empannelled, as it was an idle ceremony to call a jury to hear the evidence upon a disputed question of fact, and yet not suffer them to take any part in its decision.

*B. D. Noxon*, for the defendant in error, said that this defence was peculiar; and that there was no provision allowing it to be established except by the testimony of the plaintiff or party in interest, or by the attorney or counsel for the plaintiff. (2 *R. S.* 288, § 76 *et seq.*) The fact when established was not a general defence to the suit, and only authorized the exercise of the power by the court to put an end to the existing action. If it were submitted to the jury and a verdict for the defendant should be rendered, the demand would be extinguished; which was not the intention of the statute.

PER CURIAM. We think it quite doubtful whether the question, under the statute respecting the purchase of choses in action by attorneys, can be raised, except by an examination of the plaintiff, or his attorney or counsel; but it is unnecessary in this case to pass upon that point. We are clearly of opinion that the legislature did not intend there should be a verdict upon that point; and that when the question is properly presented, the court must determine it. Other defences may be relied upon, besides a violation of the statute, in the same action, and whenever an issue is joined a jury must be called and must pass upon the other questions. If this peculiar defence is established, the plaintiff must be nonsuited. This the jury cannot of course do. So, if in the judgment of the court the defendant has failed, the jury must be so instructed, and if there is no other question, the correct course is to direct them, as was done in this case, to find a verdict for the plaintiff.

Judgment affirmed.