## CITY COURT OF NEW YORK.

### HENRY M. GESCHEIDT agt. STEPHEN G. QUIRK.

*New trial — When will be denied — Practice.*

Although where the defendant sets up the defense that the demand on which the action was founded "has been bought and sold or received for prosecution" by an attorney and counselor, contrary to the statute ( 2 *R. S.*, 71 *et seq.*), the court, and not the jury, are to pass upon the question. If determined against the plaintiff, he must be non-suited, and if in his favor the jury must be instructed accordingly; yet the plaintiff cannot invoke its aid if he neglects to avail himself of, or to perform, the requirements of this rule, or if he waives the right it confers.

Where the plaintiff did not request the court to direct the jury to find for him, he cannot complain because the defendant did not deem it to be his duty to move for a nonsuit, and having conceded the affirmative to the defendant the plaintiff was the first to go to the jury, to whom he voluntarily submitted his case and they having found against him, and he must abide by their verdict.

Where such a defense is made out and the question of interest is for the court and not for the jury, an absolute judgment in favor of the defendant, as distinguished from a judgment of nonsuit, is proper.

*Special Term, December,* 1883.

MOTION for a new trial upon the minutes.

*H. M. Gescheidt,* for plaintiff.

*J. B. Leavitt,* for defendant.

HYATT, J. — This action was brought by the plaintiff as the indorsee of a certain promissory note against the maker, who interposed the statutory defense, that the plaintiff, as an attorney and counselor at law bought the note in question with the intent and purpose of bringing an action thereon (2 *R. S.*, 288, *sec.* 71). Upon the trial the defendant was conceded the affirmative and called the plaintiff as his witness to establish the defense; the plaintiff subsequently testified in his own behalf; the case was submitted to the jury, after the summing up by counsel, without either party taking an exception or making a request; the jury found a verdict for the defendant.

The plaintiff now urges that if this peculiar defense was established he should have been nonsuited, and if not established that a verdict should have been directed in his favor, relying upon the rule as laid down in the case of *Orcutt* agt. *Pettit* (4 *Denio*, 233).

Admitting the soundness of this authority, yet the plaintiff cannot invoke its aid if he neglects to avail himself of, or to perform, the requirements of this rule, or if he waives the right it confers.

The plaintiff did not request the court to direct the jury to find for him and he certainly cannot complain because the defendant did not deem it to be his duty to move for a nonsuit; having conceded the affirmative to the defendant the plaintiff was the first to go to the jury, to whom he voluntarily submitted his case, they found against him and he must abide by their verdict.

But even if counsel had pursued the course suggested by the rule in the case of *Orcutt* agt. *Pettit* (*supra*), nevertheless it is doubtful if he would be entitled to the relief he asks for. In the case of *Mann* agt. *Fairchild* (3 *Abb. Ct. of App. Dec.*, 161), where the issue was the same as in the case at bar, the court held that when such a defense is made out and the question of interest is for the court and not for the jury,

an absolute judgment in favor of the defendant, as distinguished from a judgment of nonsuit, is proper.

The plaintiff, however, is not prevented by reason of his conduct of the trial of the action from moving upon the minutes to set aside the verdict, as founded upon insufficient evidence (*Kelly* agt. *Frazier*, 27 *Hun*, 314), but after a careful examination of the minutes of testimony I am satisfied that there is evidence in the case to sustain the finding of the jury, and I do not feel justified in setting aside the verdict, either as unsupported by, or clearly against the weight of evidence (*Samuels* agt. *Weaver*, *Weekly Dig.*, 272).

Motion for a new trial denied, with ten dollars costs.